UNITED STATES DISRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| STEVEN LEROY SNYDER,<br><br>Plaintiff,<br>V.<br><br>UNITED STATES OF AMERICA<br>C/O Office of the Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>JEFFERSON SESSIONS, in his official Capacity as Attorney General<br>Office of the Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>FEDERAL BUREAU OF INVESTIGATION<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20535,<br><br>Defendants., | NO:<br><br>COMPLAINT<br><br>18 USC §925A |

1. COMES NOW the Plaintiff, by and through undersigned counsel, and allege as follows:

**PARTIES**

2. Plaintiff Steven Leroy Snyder ("Snyder") is an adult male citizen of the State of Washington residing at 11704 County Line Road, Edgewood, Washington, 98372.

3. Defendant United States of America ("USA") is a jural entity and a proper defendant under 18 USC § 925A.


**THE KRAFT LAW GROUP, P.S.**
8910 MAIN STREET EAST, SUITE A
BONNEY LAKE, WASHINGTON 98391
OFFICE: (253) 863-3366
FAX: (253) 863-8749

4. Defendant Jefferson Sessions is sued in his official capacity as the Attorney General of the United States of America. As Attorney General, Defendant Sessions is responsible for administering and executing the laws, customs, practices and policies of the United States, and is currently enforcing the laws, customs, practices and policies complained of in this action.

5. Defendant Federal Bureau of Investigation is sued as the entity that oversees and conducts the National Instant Criminal Background Check System ("NICS") and is responsible for enforcing the laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331, 1343, 1346, 2201, 2202; 18 U.S.C. §925A; since the United States and the Federal Bureau of Investigation are Defendants and the case arises under the Constitution and laws of the United States.

7. Venue is proper under 28 U.S.C. §1391.

## STATEMENT OF FACTS

### a. Firearms may not be transferred to "prohibited persons."

8. The Brady Handgun Violence Prevention Act of 1993 (Brady Act) requires licensed firearm dealers to request background checks from the FBI to determine the eligibility of prospective firearm transferees. *See* 18 U.S.C. Ch. 44. Based on those NICS inquiries, the FBI either approves, or in the case of suspected "prohibited persons" delays or denies the transfer.



**THE KRAFT LAW GROUP, P.S.**
8910 MAIN STREET EAST, SUITE A
BONNEY LAKE, WASHINGTON 98391
OFFICE: (253) 863-3366
FAX: (253) 863-8749

9. The Gun Control Act (GCA), as codified at 18 U.S.C. § 922(g), makes it unlawful for certain categories of persons ("prohibited persons") to ship, transport, receive, or possess firearms or ammunition, to include any person:

- convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
- who is a fugitive from justice;
- who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act, codified at 21 U.S.C. § 802);
- who has been adjudicated as a mental defective or has been committed to any mental institution;
- who is an illegal alien;
- who has been discharged from the Armed Forces under dishonorable conditions;
- who has renounced his or her United States citizenship;
- who is subject to a court order restraining the person from harassing, stalking, or threatening an intimate partner or child of the intimate partner;
- or who has been convicted of a misdemeanor crime of domestic violence.

10. The GCA at 18 U.S.C. § 992(n) also makes it unlawful for any person under indictment for a crime punishable by imprisonment for a term exceeding one year to ship, transport, or receive firearms or ammunition.

11. Further, the GCA at 18 U.S.C. § 922(d) makes it unlawful to sell or otherwise dispose of firearms or ammunition to any person who is prohibited from shipping, transporting, receiving, or possessing firearms or ammunition.

12. The vast majority of firearms are purchased or transferred through a Federal Firearm Licensee ("FFL"). The U.S. Attorney General established the NICS within the FBI's Criminal Justice Information Services Division for all applicable licensed firearm dealers to contact and initiate these background checks.


**THE KRAFT LAW GROUP, P.S.**
8910 MAIN STREET EAST, SUITE A
BONNEY LAKE, WASHINGTON 98391
OFFICE: (253) 863-3366
FAX: (253) 863-8749

13. Individuals who wish to purchase a firearm may do so by private transfer.

14. Washington State law requires private transfers be made through an FFL in order to avoid criminal liability, with limited exceptions. RCW 9.41.113.

15. FFLs are required to perform a background check via the National Instant Criminal Background Check System ("NICS") prior to selling a firearm to an individual.

16. FFLs collect and transmit information to the FBI including the applicant's name, race, sex, date of birth, and state of residence. (See 28 C.F.R. sec. 25.7.)

17. "A "deny" indicates the subject of the background check has been matched with a prohibiting record containing a similar name and/or similar descriptive features." May 27, 2016 letter, Exhibit 2.

18. FFLs are unable to sell or transfer to individuals who are "denied" by the NICS system.

19. Individuals who receive a denial from NICS may request an appeal. 28 C.F.R. sec. 29.10.

20. "If the denying agency is unable to resolve the appeal, the denying agency will so notify the individual and **shall provide** the name and address of the agency that originated the document containing the information upon which the denial was based." 28 C.F.R. sec 29.10(c) (emphasis added).

21. After October 23rd, 2015, the FBI stopped processing appeals, and despite being required to process them, they are not providing any information regarding the basis of denials.

**b. Plaintiff is not a "prohibited person."**

22. At all times relevant to this suit, Snyder has continuously qualified for and currently is issued a Washington License to Carry Concealed Pistol, requiring a full criminal background check.


THE KRAFT LAW GROUP, P.S.
8910 MAIN STREET EAST, SUITE A
BONNEY LAKE, WASHINGTON 98391
OFFICE: (253) 863-3366
FAX: (253) 863-8749

23. For an applicant to qualify for this license:

> The issuing authority shall conduct a check through the national instant criminal background check system, the Washington state patrol electronic database, the department of social and health services electronic database, and with other agencies or resources as appropriate, to determine whether the applicant is ineligible under RCW 9.41.040 or 9.41.045 to possess a firearm, or is prohibited from possessing a firearm under federal law, and therefore ineligible for a concealed pistol license.

RCW 9.41.070(2)(a).

24. Snyder most recently renewed his License to Carry Concealed Pistol in September of 2017 and passed the required criminal background checks, including search of the National Instant Criminal Background Check System ("NICS").

25. Based on the requirements to maintain his License to Carry Concealed Pistol, Snyder is not a "prohibited person" as defined by Federal Law. 18 U.S.C. § 922.

26. Despite this, Snyder was twice erroneously delayed a transfer of a firearm in October 2013 based on a NICS search. The NICS Transaction Numbers ("NTNs") for those transactions are 2F6B-252 and 2FCV-HK2.

27. In April of 2016, Snyder was erroneously denied a transfer of a firearm based on a NICS search. The NTN for that transaction is 36TR-5G2. By the FBI's improper action, Snyder was unable to complete the transfer of the firearm.

28. In May of 2016, Snyder filed a NICS appeal and request for inclusion in the Voluntary Appeal File for a UPIN (Unique Personal Identification Number) through counsel. See Exhibit 1.

29. On May 27, 2016 defendant FBI responded with the attached letter saying the appeal had been forwarded for processing. See Exhibit 2. Snyder was given no specific information


**THE KRAFT LAW GROUP, P.S.**
8910 MAIN STREET EAST, SUITE A
BONNEY LAKE, WASHINGTON 98391
OFFICE: (253) 863-3366
FAX: (253) 863-8749

regarding the basis for denial. *Id.* At that time the FBI was processing appeals from July of 2015. *Id.*

30. In November of 2017, 17 months after filing Snyder's appeal, his counsel inquired of the status and was informed that "The AST is currently processing cases received in November 2015." See Exhibit 3.

31. To date, the FBI has not processed Snyder's appeal, referenced the specific basis for his denial or issued him a UPIN.

**b. FBI's Policies and Procedures Deprive Plaintiff and Others Similarly Situated of Their Constitutional Rights.**

32. Plaintiff's challenge is to Defendants' ongoing policy whereby it does not process NICS appeals. Under 28 C.F.R. § 25.10, the FBI has an obligation to verify the record correction with the originating agency and take all necessary steps to correct the record in NICS.

33. This is not a discretionary duty. Defendants in general and the FBI in particular are mandated to process appeals, yet they are willfully refusing to do so.

34. In *Ross v. Fed. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 903 F. Supp. 2d 333, 341 (D. Md. 2012). the district court found that the defendant was improperly shifting the burden and that: [t]he regulations make clear that the burden falls on the NICS Section to conduct additional research "to determine whether the prospective transferee is disqualified from possessing a firearm by Federal or state law." 28 C.F.R. § 25.6(c)(1).



**THE KRAFT LAW GROUP, P.S.**
8910 MAIN STREET EAST, SUITE A
BONNEY LAKE, WASHINGTON 98391
OFFICE: (253) 863-3366
FAX: (253) 863-8749

35. On January 19, 2016, USA Today reported that the FBI is halting "the processing of thousands of appeals from prospective buyers whose firearm purchase attempts have been denied.[1]"

36. This leaves Plaintiff and all others similarly situated with an inadequate remedy to have their issues resolved without resorting to the courts.

37. Plaintiffs seek declaratory relief (as well as other relief) that this policy violates Defendants' obligations under Federal Law and Regulations.

**COUNT I - 18 U.S.C. § 925A**

38. Plaintiff incorporates each previous paragraph as if set forth herein again.

39. 18 U.S.C. § 925A provides

> Any person denied a firearm pursuant to subsection (s) or (t) of section 922 —
>
> (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922, may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

40. Plaintiff Snyder was erroneously denied transfer of a firearm under NTN 36TR-5G2.

41. Plaintiff requests that orders issue directing that any erroneous information be corrected, and the transfer be approved without delay.

[1]<< https://www.usatoday.com/story/news/nation/2016/01/19/fbi-guns-background-checks/78752774/>> last visited June 12, 2018.



THE KRAFT LAW GROUP, P.S.
8910 MAIN STREET EAST, SUITE A
BONNEY LAKE, WASHINGTON 98391
OFFICE: (253) 863-3366
FAX: (253) 863-8749

42. Plaintiff also requests an order directing Defendants to issue Plaintiff a UPIN (Unique Personal Identification Number) so future transactions, for which delays or denials could reasonably reoccur, would be less likely to do so.

43. Plaintiff also requests an award of reasonable attorney's fee as part of the costs of this case.

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendants to correct their records on Plaintiff to reflect that he is not forbidden to purchase, receive, or possess a firearm;

(2) Order that Defendants allow the transfer of the firearm under NTN 36TR-5G2; and

(3) Order Defendants to issue Plaintiff a UPIN;

(4) That Plaintiff be awarded his costs and attorneys' fees and any and all other relief the Court deems appropriate.

Dated: this 19 day of June 2018.

Respectfully Submitted,

/s/ William F. Wright
William F. Wright, WSBA #31063
Of attorneys for Plaintiff.
THE KRAFT LAW GROUP, P.S.
8910 MAIN STREET EAST, SUITE A
BONNEY LAKE, WASHINGTON 98390
OFFICE: (253) 863-3366
FAX: (253) 863-8749

**THE KRAFT LAW GROUP, PS**
ATTORNEYS AT LAW & ESCROW

SHANNON M.W. KRAFT
CAROLYN A. ELSEY
WILLIAM F. WRIGHT, Of Counsel

ESCROW
BRENDA CONNER, LPO

May 18, 2016

Federal Bureau of Investigation
Criminal Justice Information Services Division
NICS Section
Appeal Services Team, Module A-1
Post Office Box 4278
Clarksburg, WV 26302-4278

RE: Steven Leroy Snyder
11704 County Line Road
Edgewood, WA 98372

NTN: 36TR-5G2
2F6B-252
2FCV-HK2

On behalf of Mr. Steven Snyder, we are appealing the above listed NICS denials, and request his entry in to the VAF database. We have enclosed documentation in support including:

- Two (2) rolled fingerprint cards;
- Authorization to Release Criminal History Information and Limitation of Liability;
- VAF Application Form;
- Photocopy of Mr. Snyder's State of Washington License to Carry Concealed Pistol.

Please forward all correspondence in this matter including any basis for denial to our offices. Thank you for your prompt response to this request and please let me know if we can provide any additional information that would expedite the process.

Sincerely,

The Kraft Law Group

William F. Wright

18275 SR 410 E, STE 103, Bonney Lake, WA 98391
(253) 863-3366 – Fax (253) 863-8749
shannon@kraftlawgroup.com

Ex. 1



**U.S. Department of Justice**

Federal Bureau of Investigation

Clarksburg, WV 26306
May 27, 2016

William F. Wright, Esq.
The Kraft Law Group, P.S.
18275 SR 410 East, Suite 103
Bonney Lake, WA 98391




BY: ........................

SUBJECT: Firearm Appeal
National Instant Criminal Background Check
System (NICS) Transaction
Numbers (NTNs)-2F6B252/2FCVHK2/36TR5G2
Mr. Steven Leroy Snyder

Dear Mr. Wright:

This letter is in response to your inquiry concerning your client's, Mr. Steven Leroy Snyder, denial to possess or receive a firearm. By way of background, during a NICS check, our computer system searches several databases which contain records of persons with disqualifying conduct. This system screens individuals by name and descriptive information (i.e., date of birth, race, gender, etc.). A "deny" indicates the subject of the background check has been matched with a prohibiting record containing a similar name and/or similar descriptive features. Your client's transactions' federal prohibition is under Title 18, United States Code, Sections 921(a)(20) and 922(g)(1): A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years.

Mr. Snyder's appeal and Voluntary Appeal File requests have been forwarded for further processing. The Appeal Services Team of the FBI Criminal Justice Information Services (CJIS) Division's NICS Section is currently processing cases received in July 2015.

NICS Section
CJIS Division

Ex. 2

**THE KRAFT LAW GROUP, PS**
ATTORNEYS AT LAW & ESCROW

SHANNON M.W. KRAFT
WILLIAM F. WRIGHT

ESCROW
BRENDA CONNER, LPO

November 27, 2017

Federal Bureau of Investigation
Criminal Justice Information Services Division
NICS Section
Post Office Box 4278
Clarksburg, WV 26302-4278

RE: Steven Leroy Snyder

NTN: 36TR-5G2
2F6B-252
2FCV-HK2

On May 18, 2016, my offices made application for appeal of denials in the above NTN transactions. We received response from your offices dated May 27, 2016. At that time, your offices indicated that you were processing appeals received in July 2015.

I am writing to request an update on the status of Mr. Snyder's appeal. It has been roughly 17 months since the appeals were filed. It is Mr. Snyder's position that the denials were based on misidentification because he has no history which would make him ineligible.

Please review this file and contact me with updated information on the progress of Mr. Snyder's appeal.

Sincerely,

The Kraft Law Group

William F. Wright

18275 SR 410 E, STE 103, Bonney Lake, WA 98391
(253) 863-3366 – Fax (253) 863-8749
wwright@kraftlawgroup.com

Ex. 3



**U.S. Department of Justice**

Federal Bureau of Investigation

Clarksburg, WV 26306
December 08, 2017

William F. Wright, Esq.
The Kraft Law Group, PS
18275 SR 410 East
Suite 103
Bonney Lake, WA 98391

SUBJECT: Firearm Appeal
National Instant Criminal Background Check System (NICS) Transaction Number (NTNs)-36TR5G2 / 2FCVHK2 / 2F6B252
Mr. Steven Leroy Snyder

Dear Mr. Wright:

This letter is in response to your recent inquiry concerning the status of your client's, Mr. Steven Leroy Snyder, previous request. The Appeal Services Team (AST) of the FBI Criminal Justice Information Services (CJIS) Division's NICS Section queried the NICS for an update.

Please be advised your client's request is still waiting to be reviewed at this time because requests are processed in the order in which they are received. The AST is currently processing cases received in November 2015.

NICS Section
CJIS Division