UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN LEROY SNYDER,<br><br>                              Plaintiff,<br>      v.<br><br>UNITED STATES OF AMERICA, WILLIAM BARR, in his official capacity as Attorney General of the United States, and FEDERAL BUREAU OF INVESTIGATION,<br><br>                             Defendants. | CASE NO. 18-5504 RJB<br><br>ORDER ON MOTIONS FOR SUMMARY JUDGMENT |

      This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. 14) and the Defendants United States, William Barr[1], and the Federal Bureau of Investigation's ("FBI") (collectively "United States") Motion for Summary Judgment (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), William Barr, the current U.S. Attorney General, is automatically substituted as a party.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT - 1

On May 21, 2018, the Plaintiff filed this case asserting that the United States violated his constitutional rights when the National Instant Criminal Background Check System ("NICS") improperly indicated that he was a person prohibited from possessing or receiving a firearm. Dkt. 1. The parties file cross motions for summary judgment. Dkts. 14 and 17. For the reasons provided below, the Plaintiff's motion (Dkt. 14) should be denied and the United States' motion (Dkt. 17) should be granted.

## I. LEGISLATIVE BACKGROUND, FACTS AND PROCEDURAL HISTORY

### A. THE GUN CONTROL ACT OF 1968

The United States regulates firearm manufacture and distribution through the Gun Control Act of 1968, 18 U.S.C. § 921, *et. al.,* ("GCA"). The GCA prohibits certain categories of people, including those convicted of certain felonies, from shipping, transporting, possessing, or receiving firearms or ammunition. 18. U.S.C. § 922(g). As amended by The Brady Handgun Violence Prevention Act, Pub. L. 103-105, 107 Stat. 1536 ("Brady Act"), the GCA requires firearms dealers to contact the FBI to conduct background checks of persons attempting to purchase firearms. 18 U.S.C. §§ 922(t)(1)-(2). The FBI uses NICS to conduct the checks. 28. C.F.R. § 25.1. The Brady Act empowered the Attorney General to create NICS regulations; those regulations are set forth in 28 C.F.R. §§25.1 to 25.11.

### B. UNDISPUTED FACTS FOR PURPOSES OF THESE MOTIONS

While the record in this case is rather scant, the following facts are undisputed for purposes of these motions. Dkts. 14 and 17. In October of 2013, the Plaintiff applied for, and was denied, a firearm purchase after a background check done by NICS, under NICS transaction numbers 2F6B-252 and 2FCV-HK2. Dkt. 1, at 5. In April of 2016, the Plaintiff was denied a transfer of a firearm pursuant to a NICS check, transaction number 36TR-5G2. *Id.*

The Plaintiff maintains in his Complaint that he has, and in September of 2017 renewed, a Washington State license to carry a concealed pistol. Dkt. 1, at 5. He asserts that to qualify for this state license, he had to pass background checks, including a NICS search, to ensure that he wasn't prohibited from possessing a firearm under either Washington or federal law. *Id.*

On May 18, 2016, the Plaintiff filed an appeal of the denials with the United States and enclosed documentation, including two "rolled fingerprint cards;" an "Authorization to Release Criminal History Information and Limitation of Liability," a "[Voluntary Appeal File ("VAF")] Application Form," and a photocopy of Plaintiff's "State of Washington License to Carry Concealed Pistol." Dkt. 1, at 9.

On May 27, 2016, the United States responded and indicated that the Plaintiff's appeal and VAF requests had been forwarded for further processing. Dkt. 1, at 10. It also indicated that they were "currently processing cases received in July 2015." *Id*.

The United States did not issue a decision for months and so, on November 27, 2017, the Plaintiff (through counsel), wrote the United States inquiring on the status of the appeal. Dkt. 1, at 11. On December 8, 2017, the United States responded, indicated that no decision had been made, and that they were working on appeals from November of 2015. Dkt. 1, at 12.

On June 21, 2018, the Plaintiff filed this case. Dkt. 1. He asserts that by failing to process his appeal, the United States violated its "obligations under Federal Law and Regulations." Dkt. 1, at 7. He requests that this Court:

> (l) Order Defendants to correct their records on Plaintiff to reflect that he is not forbidden to purchase, receive, or possess a firearm;
>
> (2) Order that Defendants allow the transfer of the firearm under NTN 36TR-5G2; and
>
> (3) Order Defendants to issue Plaintiff a UPIN [Unique Personal Identification Number "for future transactions"];

(4) That Plaintiff be awarded his costs and attorneys' fees and any and all other relief the Court deems appropriate.

Dkt. 1, at 8.  The case proceeded.

On August 2, 2018, the United States, by letter to counsel, notified the Plaintiff that his firearm background check was in a "delay status."  Dkt. 14, at 11.  The notification states:

> The fingerprints your client submitted are identical with those in a record that was used in the evaluation of his firearm purchase or pawn redemption. Based on further review and investigation, the original prohibitive information has been resolved. However, your client's FBI identification record currently contains a potentially prohibitive arrest lacking final judgment and sentence.
>
> The FBI Criminal Justice Information Services Division's NICS Section was unable to nullify the potential prohibitor(s) or obtain the necessary documentation. The agency and the arrest data for the potential prohibition are:
>
> > Tacoma County Sheriff's Office
> > Date of Arrest: August 4, 1972
> > Offense: Possession Stolen Property
>
> If you have or can obtain documentation that was available at the time of the arrest/court proceedings, please provide the court documentation containing the final disposition, level of conviction, and/or convicting statute and subsection; documentation containing information that your firearm rights were restored, a pardon was received, or the case was expunged, etc.
>
> When you have obtained **ALL** of the requested documentation listed above, please submit it to our office.  Please be advised, a "no record found" document is not sufficient documentation and should not be provided. . .
>
> Your firearm background check will remain in a delay status, unless you supply documentation that nullifies the potential firearm prohibitor(s). . .
>
> Additionally, the NICS Appeal Services Team has determined you are not eligible to be entered into the [VAF] due to the potential federal prohibitor previously mentioned.

Dkt. 14, at 10-11 (*emphasis in original*).

There is no evidence in this case record, from either the United States or the Plaintiff, regarding the August 4, 1972 arrest.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT - 4

The parties now file cross motions for summary judgment.

## C. PENDING MOTIONS

The Plaintiff now moves for summary judgment, arguing that he is not a "prohibited person," because he has no "convictions" as defined by federal and Washington law which would preclude him from possessing or receiving firearms. Dkts. 14 and 19. The Plaintiff further argues that the United States improperly shifted the burden to him to "disprove the existence of a 'potentially disqualifying' criminal record." *Id.* Absent evidence of conviction, i.e. records, the presumption is that there is no conviction. *Id.* He contends that the denial of his attempts to purchase the three firearms was improper. *Id.* The Plaintiff moves for an award of his attorneys' fees and costs. *Id.*

The United States also moves for summary judgment. Dkts. 17 and 20. It maintains that the Plaintiff has not been denied any right under the GCA or the second amendment. *Id.* The United States points out that the decision on appeal was "delayed" status. *Id.* It argues that under the applicable regulations, three days after receipt of the "delayed" status, if no further decision is issued from the FBI, the firearms dealer may transfer/sell the firearm. *Id.* Accordingly, firearms dealer may lawfully complete the transaction, and so, the Plaintiff's rights and the GCA have not been violated. *Id.* The United States contends that the Plaintiff is not entitled to the relief he seeks. *Id.* It points out that under the GCA, the Plaintiff can bring suit to "correct, clarify or supplement records" and recover attorneys' fees and costs. *Id.* It argues that he is not entitled to an order requiring that the United States correct the Pierce County Washington record. *Id.* The United States points out that Pierce County, Washington entered the arrest record into NICS and Pierce County, Washington is not a party to the case. *Id.* Further, it points out that the GCA and implementing regulations do not provide relief in the

form of ordering the United States "to allow transfer" of a firearm or to issue a UPIN for future transactions. *Id.* It asserts that it has not waived its sovereign immunity as to those forms of requested relief. *Id.* The United States argues then, that attorneys' fees and costs should not be awarded. *Id.*

D. **ORGANIZATION OF OPINION**

This opinion will first address the summary judgment standard and then consider the motions by Plaintiff's claims for relief: (1) claim for an order that the United States to correct its records, (2) claim for an order that the United States allow transfer of the firearm NTN 36TR-5G2, (3) claim for an order that the United States issue the Plaintiff a UPIN for future transactions, and (4) claim for attorneys' fees and costs.

II. **DISCUSSION**

A. **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute,

requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## B. CLAIMS FOR RELIEF UNDER THE GCA

The Plaintiff brings this case under 18 U.S.C. § 925A. It provides that a person denied a firearm under § 922:

> (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system . . . ; or
>
> (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,
>
> may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

18 U.S.C. § 925A. Each of the Plaintiff's claims for relief will be examined.

> 1. <u>Claim for an order that the United States correct its records on Plaintiff to reflect that he is not forbidden to purchase, receive, or possess a firearm</u>

Under subsection (g), the subsection under which the Plaintiff's application was delayed, the GCA prohibits any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to ship, transport, possess, or receive any firearm or ammunition. 18 U.S.C. § 922(g). The term "crime punishable by imprisonment for a term exceeding one year" is defined in the regulations, which provides, in relevant part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Under Washington law regarding the possession of firearms:

> [A] person has been "convicted," whether in an adult court or adjudicated in a juvenile court, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed . . . Conviction includes a dismissal entered after a period of probation, suspension or deferral of sentence . . . A person shall not be precluded from possession of a firearm if the conviction has been the subject of a pardon . . . or other equivalent procedure . . . Where no record of the court's disposition of the charges can be found, there shall be a rebuttable presumption that the person was not convicted of the charge.

RCW § 9.41.040(3).

The Plaintiff's motion for summary judgment for an order that the United States correct its records (Dkt. 14) should be denied and the United States motion for summary judgment on this issue (Dkt. 17) should be granted. Further, the United States properly points out that the Plaintiff seeks correction of his records in NICS that originated from Pierce County, Washington. Under 28 C.F.R. 25.10(c):

ORDER ON MOTIONS FOR SUMMARY JUDGMENT - 8

> If the individual wishes to challenge the accuracy of the record upon which the denial is based . . . he or she may make application first to the . . . FBI . . . If the [FBI] is unable to resolve the appeal, the [FBI] will so notify the individual and shall provide the name and address of the agency that originated the document containing the information upon which the denial was based. **The individual may then apply for correction of the record directly to the agency from which it originated.** If the record is corrected as a result of the appeal to the originating agency, the individual may so notify the [FBI], which will, in turn, verify the record correction with the originating agency (assuming the originating agency has not already notified the [FBI] of the correction) and take all necessary steps to correct the record in the NICS.

*Emphasis added.*

The Plaintiff did not bring this case against Pierce County, Washington. It is not a party. There is no indication in the record that he has availed himself of the state statute providing the process to correct a criminal history - RCW 43.43.730(1), which provides, in part, that if a person believes that their Washington criminal history record information is "inaccurate or incomplete, he or she may request the section to purge, modify, or supplement it and to advise such persons or agencies who have received his or her record. . ." Further, if no correction is made, a party may file an appeal in the Washington State Superior Court. *Id.* The Plaintiff fails to point to any authority that the United States can change a record in the NICS which originated from a non-federal source.

Moreover, 28 C.F.R. § 25.10, also provides that:

> An individual may also contest the accuracy or validity of a disqualifying record by bringing an action against the state or political subdivision responsible for providing the contested information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the contested information be corrected or that the firearm transfer be approved.

§ 25.10(f). The Plaintiff makes no showing that the "contested information," the arrest record from 1972, is incorrect or how it should be corrected. The Plaintiff insists that it is the United States' burden to correct the information which originated from Pierce County, Washington, but

ORDER ON MOTIONS FOR SUMMARY JUDGMENT - 9

points to no authority to support his position. The Plaintiff is not entitled to an order requiring the United States to "correct its records on Plaintiff to reflect that he is not forbidden to purchase, receive or possess a firearm."

> 2. Claim for an order that the United States allow the transfer of the firearm under NTN 36TR-5G2

The Plaintiff also makes a claim for an order requiring the United States to allow transfer of a firearm. The Plaintiff's motion for summary judgment on this claim (Dkt. 14) should be denied and the United States' motion (Dkt. 17) granted. Upon receiving a request for a background check from a federal firearms licensee ("FFL"), which for purposes here is a firearms dealer, the FBI NICS Operations Center will:

(i) Verify the [dealer's] Number and code word;

(ii) Assign a NICS Transaction Number (NTN) to a valid inquiry and provide the NTN to the [dealer];

(iii) Search the relevant databases (i.e., NICS Index, NCIC, III) for any matching records; and

(iv) Provide the following NICS responses based upon the consolidated NICS search results to the [dealer] that requested the background check:

>    (A) "Proceed" response, if no disqualifying information was found in the NICS Index, NCIC, or III.
>
>    (B) "Delayed" response, if the NICS search finds a record that requires more research to determine whether the prospective transferee is disqualified from possessing a firearm by Federal or state law. A "Delayed" response to the [dealer] indicates that the firearm transfer should not proceed pending receipt of a follow-up "Proceed" response from the NICS or the expiration of three business days (exclusive of the day on which the query is made), whichever occurs first. (Example: A[] [dealer] requests a NICS check on a prospective firearm transferee at 9:00 a.m. on Friday and shortly thereafter receives a "Delayed" response from the NICS. If state offices in the state in which the [dealer] is located are closed on Saturday and Sunday and open the following Monday, Tuesday, and Wednesday, and the NICS has not yet

ORDER ON MOTIONS FOR SUMMARY JUDGMENT - 10

responded with a "Proceed" or "Denied" response, the [dealer]
may transfer the firearm at 12:01 a.m. Thursday.)

(C) "Denied" response, when at least one matching record is found in either the NICS Index, NCIC, or III that provides information demonstrating that receipt of a firearm by the prospective transferee would violate 18 U.S.C. 922 or state law. The "Denied" response will be provided to the requesting [dealer] by the NICS Operations Center during its regular business hours.

28 C.F.R. § 25.6(c)(1).

On August 2, 2018, the United States issued its "delayed" response. Dkt. 14, at 10-11. No further decision was issued. Accordingly, under 28 C.F.R. § 25.6(c)(1)(iv)(B), three days later, the dealer was free to transfer the firearm at issue here. The United States gave the Plaintiff the relief the Plaintiff seeks three days after the day it issued the "delayed" response. Accordingly, the Plaintiff is not entitled to the same relief again – an order requiring the United States to allow transfer of a firearm. It already has. There is no showing that the United States violated his second amendment rights by issuing the "delayed" response.

### 3. Claim for an Order that the United States issue the Plaintiff a UPIN for future transactions

The Plaintiff's motion for summary judgment on his claim for an order that the United States issue him a UPIN for future transactions (Dkt. 14) should be denied. The United States' cross motion for summary judgment on that claim (Dkt. 17) should be granted. The Plaintiff does not meaningfully address the United States' argument that this relief is not one contemplated in 18 U.S.C. § 925A ("an order directing that the erroneous information be corrected or that the transfer be approved . . . [and] "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.") and that sovereign immunity applies. This claim should be dismissed.

4. <u>Claim for Attorneys' Fees and Costs</u>

The Plaintiff did not prevail in this case. No award of attorneys' fees and costs should be given under 18 U.S.C. § 925A.

**C. CONCLUSION**

The Plaintiff's motion for summary judgment (Dkt. 14) should be denied and the United States' motion for summary judgment (Dkt. 17) should be granted. While the Court understands the Plaintiff's frustration with the length of time it took for the government to respond, he makes no showing that he is entitled to the relief he seeks. This case should be dismissed.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Plaintiff's Motion for Summary Judgment (Dkt. 14) **IS DENIED;**
- The United States' Motion for Summary Judgment (Dkt. 17) **IS GRANTED;** and
- This case **IS DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of October, 2019.

ROBERT J. BRYAN
United States District Judge